UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1431** |
| **$130,070.62 CONVERTED TO CHECK NO. 5500447998 SEIZED FROM MIDDLESEX FEDERAL SAVINGS ACCOUNT NO. X5250** | **SECTION "B" (1)** |

## ORDER AND REASONS

Before the Court is plaintiff United States of America's Motion for Default Judgment (Rec. Doc. 10). For the following reasons,

**IT IS ORDERED** that the United States of America's Motion for Entry of Final Default Judgment (Rec. Doc. 10) is **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 14, 2025, the United States filed suit in the Eastern District of Louisiana, seeking forfeiture of defendant property pursuant to 18 U.S.C. 981(a)(1)(C). Rec. Doc. 1. In its complaint, the United States alleges that the defendant currency, in the amount of $130,070.62, derives from proceeds traceable to violations of several federal statutes relating to copyright infringement, counterfeit trademarking, and wire fraud. *See* Rec. Doc. 3. Beginning on July 29, 2025, and ending on August 27, 2025, the United States published notice of the civil forfeiture action on an official internet government forfeiture website in accordance with the Federal Rules of Civil Procedure, Supplemental Rule G(4)(a). Rec. Doc. 7. The United States also sent direct notice to all known potential claimants in compliance with Supplemental Rule G(4)(b). Rec. Doc. 10-2 at 2.

On October 6, 2025, the United States moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a), arguing that the time for any claimants to file a responsive pleading

1

pursuant to Supplemental Rule G(5) had passed. Rec. Doc. 9. The Clerk of Court entered default judgment against all known and potential claimants on October 8, 2025. *Id*. On October 9, 2025, the United States moved for entry of final default judgment against the defendant currency, arguing that the property is subject to forfeiture as property derived from violations of federal statutes relating to copyright infringement, counterfeit trademarking, and wire fraud. Rec. Doc. 10 at 2. No verified claim or answer has been filed, and no party has appeared to contest forfeiture. The United States' motion is unopposed.

## II.     LAW AND ANALYSIS

### A. Entry of Default Under Federal Rule 55(a).

Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See* Fed. R. Civ. P. 55(a); *Meyer v. Bayles*, 559 F. App'x. 312, 313 (5th Cir. 2014) ("After . . . the Clerk's entry of default, a plaintiff may move for default judgment under [Rule] 55(b)."). A default occurs when a party against whom a judgment for affirmative relief is sought has "failed to plead or otherwise defend" against a claim within the time allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a); *see, e.g.*, *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("A default occursen when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.").

When the default is brought to the attention of the court, by affidavit or otherwise, the clerk must enter default on the court's docket. *See* Fed. R. Civ. P. 55(a). The "entry of default" is merely the placement of a notation of the party's default on the clerk's record of the case. *See Hillman v. S. Insulators, LLC*, No. 23-659, 2023 WL 8113621, at *1 (E.D. La. Nov. 22, 2023)

(Africk, J.) (quoting *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.)).

No claimant has pleaded or otherwise defended against the United States' forfeiture action. The United States filed its complaint on July 14, 2025. *See* Rec. Doc. 1. All potential claimants were put on notice about the suit. Rec. Doc. 10-2 at 2. Pursuant to the United States' Notice of Forfeiture Action, any person claiming an interest in the defendant property had 60 days from the first date of publication of the notice (July 29, 2025) to file a verified claim with the Court. Rec. Doc. 7-1; *see also* Supplemental Rule G(5)(a)(ii)(A). No verified claim has been filed. Additionally, pursuant to Federal Rule of Civil Procedure 12, any potential claimant had to answer the United States' complaint within 21 days after filing a verified claim. *See* Rec. Doc. 7-1; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i). Despite these deadlines, no claimant has made a single appearance in this case to defend against the United States' forfeiture action. As such, the United States properly brought the default to the attention to the Court, *see* Rec. Doc. 8, and the clerk entered default under Rule 55(a). Rec. Doc. 9.

## B. Default Judgment Under 55(b)(2)

After the clerk's entry of default under Rule 55(a), a party may apply for default judgment under Rule 55(b). *See, e.g.*, *Meyer v. Bayles*, 559 F. App'x. 312, 313 (5th Cir. 2014); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Here, the United States has properly applied to the Court for default judgment under Rule 55(b)(2) via the instant motion.

Still, a defendant's default, standing alone, does not entitle a plaintiff to entry of default judgment, as the decision whether to enter default judgment is within the district court's discretion. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (noting that "entry of default is committed to the discretion of the district judge" and that "party is not entitled to a default

judgment as a matter of right, even where the defendant is technically in default." (first citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); and then citing *Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996)).

Drawing on guidance from the U.S. Court of Appeals for the Fifth Circuit, district courts within this Circuit generally engage in a two-part process to determine whether default judgment should be granted. *See, e.g.*, *Hillman v. S. Insulators, LLC*, No. 23-659, 2023 WL 8113621, at *2 (E.D. La. Nov. 22, 2023) (Africk, J.); *AR Factoring, LLC v. Commonwealth Applied Silica Techs., LLC*, No. 19-1906, 2020 WL 2128474, at *1 (E.D. La. May 5, 2020) (Guidry, J.); *Fed. Election Comm'n v. Defend Louisiana PAC*, No. 21-00346, 2022 WL 2911665, at *6 (M.D. La. July 22, 2022) (Jackson, J.); *Champion v. Phaselink Util. Sols., LLC*, SA-22-CV-00145-JKP, 2022 WL 3693461, at *2 (W.D. Tex. Aug. 24, 2022) (Pulliam, J.).[1] **First**, guided by factors espoused in *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), courts consider whether granting default judgment would be appropriate under the circumstances. *See, e.g.*, *Hillman*, 2023 WL 8113621, at *2; *AR Factoring*, 2020 WL 2128474, at *1; *Fed. Election Comm'n*, 2022 WL 2911665, at *6; *Champion*, 2022 WL 3693461, at *2. **Second**, courts asses the merits of a plaintiff's claims to determine whether there is a sufficient basis in the pleadings for a default judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also*

---

[1]  Judge Africk's order and reasons in *Hillman*, 2023 WL 8113621, at *2, and Judge Guidry's order in *AR Factoring*, 2020 WL 2128474, at *1, refer to the two-part process as a "test" established by the U.S. Court of Appeals for the Fifth Circuit. However, upon review of relevant case law, including case law cited in *Hillman* and *AR Factoring,* the Court was unable to find a Fifth Circuit opinion—reported or otherwise—referring to the two-step process or instructing that district courts undergo it (making us weary of referring to the process as a "test"). Seemingly, the two-part process was developed by district courts within the circuit based on Fifth Circuit opinions discussing default judgments. Indeed, most district court order and reasons cite different Fifth Circuit opinions for each respective step in the process. *See e.g.*, *AR Factoring* , 2020 WL 2128474, at *1 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) for the first step and *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975) for the second step).

*AR Factoring*, 2020 WL 2128474, at *1 (citing *Nishimatsu*, 515 F. 2d at 1206). The Court engages in the two-part process *infra*, addressing each part in turn.

### 1.   Whether Default Judgment is Appropriate Under the Circumstances

The Court first considers whether granting default judgment would be appropriate under the circumstances. Factors relevant to this determination include[2]: (1) whether there are material issues of fact at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by a defendant. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *see also Aptim Envtl. & Infrastructure, LLC v. Allco, LLC*, No. 23-2587, 2024 WL 1855004, at *2 (E.D. La. Apr. 29, 2024) (Lemelle, J.) (quoting and applying *Lindsey* factors); *J&J Sports Prods., Inc. v. El Rancho Sports Bar & Grill, LLC*, No. 17-1435, 2018 WL 3550843, at *3 (E.D. La. July 24, 2018) (Lemelle, J.) (same). "Default judgments are available only when the adversary process has been halted because of an essentially unresponsive party. *EW Polymer Group, LLC v. GSX Int'l Group, Inc.*, 622 F. Supp. 3d 232, 237 (M.D. La. Aug. 17, 2022) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Here, no verified claim or answer has been filed, and no party has appeared to contest forfeiture. *See* Rec. Doc. 8. There is no evidence in the record to suggest prejudice. Nor is there

---

[2]   As stated *supra*, a plaintiff is not entitled to a default judgment as a matter of right. Even when a party has defaulted and all of the requirements for a default judgment are satisfied, the court has discretion. The court may decide to render a default judgment or may decide to refuse to render default judgment, setting aside the entry of default and continuing with the case on the merits. In exercising its discretion whether to grant a default judgment, the court may consider any appropriate factors, including but not limited to those espoused in *Lindsey*. *See* 10 *Moore's Federal Practice*, § 55.31 (Matthew Bender 3d Ed. 2024); *compare id.* (listing relevant factors), *with* Lindsey, 161 F.3d at 893 (listing similar factors).

evidence in the record that the failure of potential claimants to respond or appear was the result of "good faith mistake or excusable neglect." *See generally Lindsey*, 161 F.3d at 893. Any potential claimants' failure to defend against the United States' complaint or otherwise oppose the United States' motion for default judgment mitigates the harshness of the judgment. *See EW Polymer Group, LLC*, 622 F. Supp. 3d at 237. The grounds for default have also been clearly established. Lastly, the Court is not aware of any facts that would give rise to "good cause" to set aside the default judgment if later challenged.

### 2. Whether the Complaint establishes a viable claim for relief

In its complaint, the United States detailed its financial investigation that shows that the defendant currency, in the amount of $130, 070.62, derives from proceeds traceable to violations of several federal statutes relating to copyright infringement, counterfeit trademarking, and wire fraud. *See* Rec. Doc. 3. Pursuant to 18 U.S.C. § 981(a)(1)(C), the United States may seek civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of" any offenses as defined in 18 U.S.C. § 1956(c)(7). Criminal copyright infringement, counterfeit trademarking, and wire fraud are "specified unlawful activities" under 18 U.S.C. § 1956(c)(7) and therefore are predicates for civil forfeiture under 18 U.S.C. § 981(a)(1)(C). As such, the Court determines that the United States has established a sufficient basis for default judgment.

New Orleans, Louisiana this 6th day of November 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE